# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA DAVID WILLIAMS, CDCR #AU-5529,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　　　vs.<br><br>SCRIPPS HOSPITAL, et al.,<br><br>　　　　　　　　　　　Defendants. | Civil No.　14cv1643 AJB (NLS)<br><br>**ORDER:**<br><br>**1) DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILING TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a) AND/OR FAILING TO MOVE TO PROCEED** ***IN FORMA PAUPERIS*** **PURSUANT TO 28 U.S.C. § 1915(a)**<br><br>**AND**<br><br>**2) DENYING MOTION FOR DECLARATORY RELIEF AS MOOT**<br>**(ECF Doc. No. 11)** |

　　　　Joshua David Williams ("Plaintiff"), a state inmate currently incarcerated at the California Institution for Men ("CIM") in Chino, California, and proceeding pro se, has filed a civil action ("Compl.") pursuant to 42 U.S.C. § 1983 (ECF Doc. No. 1).

/ / /

/ / /

/ / /

## I.     Allegations and Procedural Background

In his Complaint, as well as in several supplemental documents and exhibits he has filed in support (ECF Doc. Nos. 3, 5, 7, 9, 13, 17), Plaintiff seeks damages and injunctive relief related to San Diego Superior Court criminal proceedings which were pending at the time he filed suit, and was still detained at the San Diego Central Jail.[1]  *See* Compl. (ECF Doc. No. 1) at 8, *citing* Case Nos. SCD 247180 and SCD 255778.  While not altogether clear, it appears Plaintiff seeks this Court's assistance in "reversing" his state court proceedings, based on allegations of prosecutorial misconduct.  *Id.* at 13.  Plaintiff seeks declaratory relief "enjoining the prosecution from continuing," "forcing [prosecutors] to produce . . . evidence withheld by their office," and a "reversal and dismissal of all [his] present and previous cases."  *Id.* at 12.

In addition, Plaintiff has filed a separate Motion for Declaratory Relief asking the Court to "add" San Diego Superior Court Case SCD 255778 to this case, because it is related, and involves an "illegal" arrest (ECF Doc. No. 11).

Finally, on October 16, 2014, Plaintiff filed a petition for writ of mandamus and/or prohibition in the Ninth Circuit Court of Appeals, which has been assigned Case No. 14-73205  (ECF Doc. No. 18).  "A petition for a writ of mandamus does not deprive the trial court of jurisdiction," however.  *United States v. Valenzuela-Arisqueta*, 724 F.3d 1290, 1297 n.8 (9th Cir. 2013) (citing *Ellis v. U.S. District Court for the Western District of Washington (Tacoma)*, 360 F.3d 1022, 1023 (9th Cir. 2004) (noting that the "district court does not lose jurisdiction over a case merely because a litigant files an interlocutory petition for an extraordinary writ.").

## II.    Failure to Pay Filing Fee or Request IFP Status

All parties instituting any civil action, suit or proceeding in any district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.  *See* 28 U.S.C. § 1914(a).  An action may proceed despite a party's failure to pay

---

[1] On September 15, 2014, Plaintiff filed a Notice of Change of Address indicating he is currently incarcerated at CIM (ECF Doc. No. 15).

this filing fee only if the party is granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a).[2] *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

Plaintiff has not prepaid the $400 in filing and administrative fees required to commence a civil action, nor has he submitted a Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a). Therefore, this case cannot yet proceed. *See* 28 U.S.C. § 1914(a); *Andrews*, 493 F.3d at 1051.

### III. Conclusion and Order

For the reasons set forth above, the Court hereby:

(1) **DISMISSES** this civil action without prejudice for failing to pay the $400 civil filing and administrative fee or submit a Motion to Proceed IFP pursuant to 28 U.S.C. §§ 1914(a) and 1915(a);

(2) **DENIES** Plaintiff's Motion for Declaratory Relief without prejudice as moot (ECF Doc. No. 11);

(3) **GRANTS** Plaintiff **forty-five (45)** days leave from the date this Order is filed to: (a) prepay the entire $400 civil filing and administrative fee in full; *or* (b) complete and file a Motion to Proceed IFP which includes a certified copy of his trust account statement for the 6-month period preceding the filing of his Complaint. *See* 28 U.S.C. § 1915(a)(2); S.D. CAL. CIVLR 3.2(b); and

(4) **DIRECTS** the Clerk of the Court to provide Plaintiff with this Court's approved form "Motion and Declaration in Support of Motion to Proceed *In Forma Pauperis*." If Plaintiff fails to re-open his case by either prepaying the $400 civil filing fee, or completing and submitting the enclosed Motion to Proceed IFP within that time,

///

///

---

[2] In addition to the $350 statutory fee, all parties filing civil actions on or after May 1, 2013, must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule) (eff. May 1, 2013). However, the additional $50 administrative fee is waived if the plaintiff is granted leave to proceed IFP. *Id.*

1  this civil action will remain dismissed without prejudice for the reasons set out in this
2  Order.[3]

5  DATED: October 20, 2014

6  _____
   Hon. Anthony J. Battaglia
   U.S. District Judge

---

[3] Plaintiff is cautioned that if he chooses to proceed with this action by properly moving to proceed IFP, he will nevertheless "be required to pay the full amount of a filing fee" pursuant to 28 U.S.C. § 1915(b)(1). Moreover, his Complaint will be immediately subject to a sua sponte screening regardless of his fee status pursuant to 28 U.S.C. § 1915(e)(2)(B). *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an *in forma pauperis* complaint that is frivolous, malicious, fails to state a claim, or seeks relief from defendants who are immune). As currently pleaded, it appears Plaintiff's Complaint fails to state a claim upon which § 1983 relief may be granted because a person in state custody simply may not use a § 1983 civil rights action to challenge the "fact or duration of his confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). He must seek federal habeas corpus relief instead. *See Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (citing *Preiser*, 411 U.S. at 489).